## Quarterly Redetermination of Compensation Benefits

RUTHERFORD, Deputy Attorney General, November 24, 1941.—This department is in receipt of your recent communication requesting an opinion as to whether, under the provisions of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended by the Acts of May 18, 1937, P. L. 658, and June 20, 1939, P. L. 458, 43 PS §§751 et seq., the De-

partment of Labor and Industry is required to make quarterly redeterminations of the amount of a benefit award allowed to a compensation claimant.

The provision of the Unemployment Compensation Law which gives rise to the question of quarterly redeterminations is contained in section 404 thereof and reads as follows:

"Section 404. Amount of Compensation. — The maximum total amount of compensation payable to any eligible employe during any benefit year shall not exceed one-eighth of his total wages from employers during the first eight out of the last nine completed calendar quarters immediately preceding each week with respect to which compensation is payable . . ., or thirteen times his weekly compensation amount, whichever is the lesser."

You will observe that, under the language of the above-quoted provision, the maximum total amount of compensation payable to any eligible employe during any benefit year is limited to one eighth of the employe's total wages in covered employment during the first eight out of the last nine completed calendar quarters immediately preceding *each* week of the benefit year. You will further observe that the provision contains no qualification as to the calendar quarter of the benefit year in which "each week with respect to which compensation is payable" may occur. The language of the provision would, therefore, indicate that the amount of compensation payable to an eligible employe during a benefit year is subject to a limitation, which limitation may vary with respect to different periods of the benefit year, depending upon the calendar quarter of the benefit year in which a particular weekly claim may be filed. From reading the foregoing provision alone, it would appear that the Department of Labor and Industry may be required by the law to determine the amount of a benefit award not only at the time the department makes the initial determination of com-

pensation, but that it must also redetermine the amount of benefits and modify the award in each of the three calendar quarters of the benefit year, subsequent to the first calendar quarter, in which the claimant files continued weekly claims. Thus, the department would have to make an initial determination of the amount of compensation in the first calendar quarter in which a weekly benefit payment is made to the claimant, and when that calendar quarter expired the bureau would have to make a second determination of the amount of benefits allowable, and so on, with respect to the third calendar quarter and the fourth calendar quarter of the benefit year.

If, as indicated above, we were limited in our consideration of the question to the foregoing provisions in section 404 of the act, there might appear to be no alternative but to rule that quarterly redeterminations of compensation were required of the department. There are, however, other provisions of the law relating to the determination of compensation by the department which must be considered in answering the question which you have submitted. These provisions are contained in section 501 of the act, and read as follows:

"Section 501. Initial Determination of Compensation; Appeals.—The department shall promptly *examine any* claim filed, and on the basis of the facts found by it, *shall determine whether or not the claim for compensation is valid,* and if valid, the week with respect to which compensation *shall commence, the weekly compensation payable, and the maximum duration thereof.* The claimant and other affected parties shall be promptly notified of the decision and the reasons therefor. Unless the claimant or other affected parties file an appeal from such decision with the board within ten calendar days after such notification was mailed to his last known post office address, and applies for a hearing, *such decision of the department*

*shall be final and compensation shall be paid or denied
in accordance therewith.* In the event that an appeal
is filed with the board, the payment of compensation
shall be withheld pending determination of the claim,
but when a referee or the board affirms a decision of
the department allowing compensation such compensa-
tion shall be paid notwithstanding any further appeal
which may thereafter be taken." (Italics supplied.)

Additionally section 403 provides that the weekly
compensation rate must remain the same throughout
the benefit year, as follows:

"Section 403. Rate and Payment of Weekly Com-
pensation.—Compensation shall be payable at the rate
of fifty per centum of the employe's full-time weekly
wage, but the amount shall not be more than fifteen
dollars, nor less than seven dollars and fifty cents a
week. An employe's weekly compensation amount, as
determined for the first week of his benefit year, shall
constitute his weekly compensation amount *through-
out such benefit year.* Compensation shall be computed
to the nearest multiple of five cents. Compensation
shall be paid through employment offices at such times
and in such manner as the department may prescribe."

It will be observed that, under the foregoing provi-
sion of section 501, the department in making a deter-
mination of compensation upon an original claim is
required to determine, among other things, the weekly
compensation rate, which under the provisions of sec-
tion 403 as stated must remain the same throughout
the benefit year, and the maximum number of weeks
for which benefits shall be paid. Thus, the department
in making an initial determination of compensation
must actually establish and in its decision notify the
claimant of the maximum total amount of compensa-
tion payable to him for and during the benefit year. It
is, therefore, apparent that if section 404 were con-
strued to require the department to make quarterly re-
determinations of the amount of compensation it

would be impossible for the department to comply with the mandatory provisions of section 501 that it, at the time it makes an initial determination, determine and in its decision fix the total amount of compensation allowable for the entire benefit year to which the said initial determination relates. It will also be observed that section 501 further provides with respect to the initial determination of compensation that ". . . *such decision of the department shall be final and compensation shall be paid or denied in accordance therewith.*" It is, therefore, quite obvious that any construction of section 404 whereby quarterly redeterminations of the amount of compensation were regarded as necessary would violate the principle of finality of decisions so clearly established in the above-quoted provisions of section 501. This must be true since if your department were to change the amount of the award with each succeeding calendar quarter in the benefit year the "finality" of the initial determination would be completely destroyed. Furthermore, if quarterly redeterminations were put into practice it would be impossible to execute the mandatory provision of section 501 which states with respect to initial determination that ". . . compensation shall be paid or denied in accordance therewith".

Since the above-quoted provisions of the Unemployment Compensation Law present a clear-cut case of irreconcilable conflict between the word "each" in section 404 relating to the amount of compensation and the mandatory provisions of section 501 relative to the making of determinations of compensation, it is pertinent to consider certain provisions of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §§551 et seq. Section 63 of the Statutory Construction Act reads as follows:

"Section 63. Particular Controls General. Whenever a general provision in a law shall be in conflict with a special provision in the same or another law,

the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

Section 404 provides generally for the amount of compensation payable whereas section 501 provides the particular procedure for determining the validity of claim, specified time when compensation shall commence, the weekly compensation payable, the maximum duration thereof, and further provides for the finality of such decision and calculations. Since a construction that the general provisions of section 404 require quarterly redeterminations of the amount of compensation would conflict with the particular provisions of section 501, the latter section must prevail.

Moreover, section 64 of the Statutory Construction Act, supra, provides:

"Section 64. Irreconcilable Clauses in the Same Law.—Except as provided in section sixty-three, whenever, in the same law, several clauses are irreconcilable, the clause last in order of date or position shall prevail."

Since to hold section 404 to be controlling would cause an irreconcilable conflict with section 501, the provisions of the later section 501 must govern and determination of the weekly compensation payable and the maximum duration thereof shall be final for the entire period of the benefit year.

In view of the foregoing, we are of the opinion and you are accordingly advised that, under the provisions of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, as amended, and the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §§551

et seq., the plain and mandatory provisions of section 501 of the Unemployment Compensation Law prevail over the provision above referred to in section 404 of the said act and, therefore, the Department of Labor and Industry is not required to make quarterly redeterminations of the amount of a claimant's compensation; and, further, the amount of compensation determined at the beginning of a benefit year shall be final and prevail throughout the benefit year.